**FILED**
**CLERK**

11/8/2013 12:43 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

SALVATORE AGOSTA,

                    Plaintiff,

            v.                                    **MEMORANDUM OF**
                                                  **DECISIONAND ORDER**
SUFFOLK COUNTY, SUFFOLK COUNTY                    12-CV-4989 (ADS)
DEPARTMENT OF PUBLIC WORKS, KEVIN
SPENCE, ROBERT BECK, FRANK CALVACCA,
ALFRED MORALES and DANA PANA,

                    Defendants.
--------------------------------------------------------X

<u>**APPEARANCES:**</u>

**Nicole M. Cardiello, Esq., P.C.**
*Attorneys for the Plaintiff*
66A Medford Avenue
Patchogue, New York 11772
    By: Mark Andrew Kramer, Esq., of Counsel

**Office of Dennis M. Brown, Suffolk County Attorney**
*Attorneys for the Defendant*
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
    By: Dennis M. Brown, Assistant County Attorney
        Richard H. Weinschenk, Assistant County Attorney, of Counsel

**SPATT, District Judge.**

        On October 5, 2012, the Plaintiff Salvatore Agosta (the "Plaintiff") commenced

this employment discrimination action against the Defendants Suffolk County (the

"County"), Suffolk County Department of Public Works (the "DPW"), Kevin Spence

("Spence"), Robert Beck ("Beck"), Frank Calvacca ("Calvacca"), Alfred Morales

("Morales") and Dana Pana ("Pana," and, collectively, the "Defendants").  The Plaintiff

seeks relief for sexual harassment and disability discrimination that he alleges he suffered during his employment with the DPW.

In this regard, pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) <u>et seq.</u> ("Title VII"), the Plaintiff brings a hostile work environment claim and a retaliation claim against the County and the DPW (collectively, the "County Defendants").  The Plaintiff also brings claims against the County Defendants pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq.</u> ("ADA"), for alleged disability discrimination and retaliation.  Lastly, pursuant to the New York Executive Law, § 290, <u>et seq.</u>, the Plaintiff brings claims against the Defendants Spence, Beck, Morales, Calvacca and Pana for retaliation, hostile work environment, sexual harassment and sexual orientation discrimination.

Presently before the Court is a motion by the County Defendants to dismiss the Plaintiff's ADA causes of action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failing to allege disability discrimination in either his New York State Division of Human Rights ("NYSDHR") complaint or his Equal Employment Opportunity Commission ("EEOC") complaint.  For the reasons that follow, the County Defendants' motion is granted.

## I. BACKGROUND

Unless otherwise stated, the following facts are drawn from the Plaintiff's Complaint and construed in a light most favorable to the Plaintiff.

### A.  Factual Background

The Plaintiff is a fifty-four year old male with a real and/or perceived mental disability.  Since about 1995, he has been employed as a custodian with the DPW.  He

alleges that during the course of his employment he was subjected to a hostile work environment by the individual Defendants Pana, Morales, Spence and Beck, who worked at the DPW as Assistant Foreman, Foreman, Director of Custodial and Security Services and Assistant Director of Custodial and Security Services, respectively.  In his complaint, the Plaintiff alleges that these individuals (1) either engaged in sexual harassment or failed to address his allegations of sexual harassment; (2) vandalized his personal property at the work place; (3) denied him time off and overtime; (4) forced him to perform extra work while other custodians did nothing; (5) threatened him with termination; and (6) brought him up on charges of misconduct and insubordination in retaliation for him complaining to a supervisor about the hostile work environment.

In this regard, with respect to his sexual harassment claims, the Plaintiff alleges that on a daily basis Pana would stick out his tongue in a sexually suggestive manner; make comments referencing sexual acts; and, on one occasion, grabbed the Plaintiff by the genitals.  According to the Plaintiff, he reported the comments to Morales and Spence, but no remedial action was taken.

As to his claims of vandalism, the Plaintiff alleges that on five occasions his personal items were removed from his closet and thrown into a sink and his picture frames were taken and broken.  He further claims that his personal property, including a water bottle, was taken from him and consumed.

In addition, the Plaintiff alleges that on fifteen occasions he was ordered to complete the work of Morales and Pana while they sat in the office, watched television or went home early.  Further, when the Defendants Morales and Pana were working together, the Plaintiff claims that they would hinder his ability to perform his assignments

3

by turning off the lights, stationing their carts in the hallways while he was cleaning and removing cleaning supplies from his closet.

The Plaintiff also asserts that he was (1) denied his request for time off by Morales; (2) accused of destroying the County's property; (3) yelled at for taking medical leave for shoulder surgery; (4) brought up on charges of misconduct and insubordination for complaining to Lieutenant Robert Scharf of a hostile work environment; (5) subsequently transferred to a new work location; and (6) forced to sign documents without union representation.

**B.  Procedural History**

On or about August 11, 2011, the Plaintiff filed a Charge of Discrimination ("the EEOC Charge") with both the NYSDHR and the EEOC, alleging sex discrimination and sexual orientation discrimination.  Specifically, in the EEOC Charge, the Plaintiff accused the Defendants of (1) vandalizing his closet; (2) threatening to write him up or terminate him; (3) denying him overtime when other employees were granted overtime; (4) stealing his personal property; (5) subjecting him to sexual harassment; (6) making him do the work of Morales and Pana while they sat in the office watching television or went home early; (7) denying him four vacation days spread apart, even though Morales and Pana were permitted to take more than four vacation days spread apart; (8) accusing him of "destruction of county property" in retaliation for him going to the union in order to receive a personal day off; and (9) harassing him about his medical condition, which was a shoulder injury.  As part of his EEOC Charge, the Plaintiff filled out a NYSDHR Complaint Form, in which he indicated that the basis of the discrimination was sex and sexual orientation, but did not check the box for disability.

However, in opposition to the County Defendants' motion, the Plaintiff points to two witness interviews contained in the NYSDHR Final Investigation and Report that he believes demonstrates that the EEOC, the NYSDHR and the County Defendants were aware of the Plaintiff's disability and that it may have been the reason he was allegedly being treated differently.   In this regard, witness Sue Ketcham indicated that the Plaintiff "may have a learning disability," while witness Michael Demaio suggested that the Plaintiff "may be a mentally slow adult."

On or about July 10, 2012, the EEOC issued a Notice of Right to Sue letter to the Plaintiff.  Thereafter, on October 5, 2012, the Plaintiff commenced the present action against the Defendants, asserting seven claims pursuant to Title VII, the ADA and the New York Executive Law.

Of relevance here, the Plaintiff alleges two ADA causes of action.  First, the Plaintiff claims that the County Defendants, through its agents, maliciously, intentionally and/or recklessly violated the ADA by treating the Plaintiff differently than similarly situated individuals without real and/or perceived disabilities.  Second, the Plaintiff alleges that the County Defendants, through its agents, maliciously, intentionally and/or recklessly violated the ADA by retaliating against the Plaintiff for his opposition to discriminatory acts on the basis of his disability and/or participating in lodging a complaint about discriminatory practices.

On May 17, 2013, the County Defendants filed the instant motion for dismissal of the Plaintiff's two ADA claims on the ground that the Plaintiff failed to exhaust his administrative remedies.  In this regard, the County Defendants assert that the Plaintiff failed to exhaust his administrative remedies with respect to his ADA claims because he

did not include any ADA disability discrimination claim in his EEOC Charge and because the disability discrimination claim was not reasonably related to the sex and sex orientation discrimination claims raised in the EEOC Charge.  Furthermore, the County Defendants highlight that the Plaintiff failed to check the proper box for disability discrimination on the NYSDHR form labeled "Basis of Discrimination."

As discussed above, in opposition to the motion by the County Defendants, the Plaintiff argues that the NYSDHR Final Investigation and Report specifically noted that the Plaintiff may have been subjected to differential treatment based on a real and/or perceived mental disability.  The NYSDHR Final Investigation and Report was forwarded to all parties, and as such, according to the Plaintiff, the County Defendants were aware of the two witness statements that indicated that the Plaintiff had a mental disability or a perceived mental disability.  The Plaintiff claims that based on these statements, the NYSDHR and/or the EEOC could have investigated the issue of disability discrimination.  The Plaintiff insists that the failure of these agencies to investigate should not bar the Plaintiff's claim.  Further, the Plaintiff  asserts that his disability discrimination claim is reasonably related to the allegations made in the EEOC charge.

## II. DISCUSSION

### A.  Legal Standard on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  In this regard, when deciding a motion to dismiss, a court is required to accept the material facts alleged in the complaint as true and draw all

reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).  As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679.

However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  In addition, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [a] plaintiff['s] possession or of which [the] plaintiff[ ] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Karmilowicz v. Hartford Fin. Servs. Grp., 494 F. App'x 153, 156 (2d Cir. 2012).

**B.  As to Whether the Plaintiff Exhausted All Administrative Remedies Before Bringing his Title VII Action**

A district court only has jurisdiction to hear claims brought pursuant to the ADA that are either contained in the EEOC charge or that are "reasonably related" to the claims in the EEOC charge.  Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998) (citing Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993)). The purpose of this jurisdictional requirement is to give the EEOC

7

"the opportunity to investigate, mediate and take remedial action."  Stewart v. United

States INS, 762 F.2d 193, 198 (2d Cir. 1985).

   To determine whether a cause of action is "reasonably related" to the Plaintiff's

EEOC charge, "the factual allegations in an EEOC charge, rather than any legal theories

stated therein, should be the focus . . . ."  See Bridges v. Eastman Kodak Co., 822 F. Supp.

1020, 1026 (S.D.N.Y. 1993).  In this regard, as the Second Circuit has articulated,

> a claim is considered reasonably related if the conduct
> complained of would fall within the scope of the EEOC
> investigation which can reasonably be expected to grow out
> of the charge that was made.  In this inquiry, the focus
> should be on the factual allegations made in the EEOC
> charge itself, describing the discriminatory conduct about
> which a plaintiff is grieving.  The central question is
> whether the complaint filed with the EEOC gave that
> agency adequate notice to investigate discrimination on
> both bases.

Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (citations and

internal alterations and quotation marks omitted).  Further, the Second Circuit has

determined three situations in which a claim may be found to be reasonably related:

> 1) where "the conduct complained of would fall within the
> 'scope of the EEOC investigation which can reasonably be
> expected to grow out of the charge of discrimination'"; 2)
> where the complaint is "one alleging retaliation by an
> employer against an employee for filing an EEOC charge";
> and 3) where the complaint "alleges further incidents of
> discrimination carried out in precisely the same manner
> alleged in the EEOC charge."

Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003) (quoting Butts, 90 F.2d at 1402–03).

Thus, when a claim is "simply a newly articulated cause of action that grows directly out

of the factual allegations of the EEOC charge," the claim can be brought in district court.

Shull v. Rite AidCorp., 1997 WL 289460, at *7 (S.D.N.Y. May 30, 1997).

Here, the Plaintiff's August 11, 2011 EEOC Charge included claims for discrimination based on sex and sexual orientation, but not a mental disability.   Although he may have a disability, in none of the factual allegations in the EEOC Charge did he suggest that he had any mental disability or any perceived mental disability or that he was being treated differently on this basis.   Rather, the EEOC Charge only indicates that the Defendants' alleged conduct involved sex and sexual orientation discrimination, which is distinct from disability discrimination because of the Plaintiff's mental disability or perceived mental disability.   The Plaintiff's failure to provide any factual allegations that would imply discrimination on the basis of a mental disability in the EEOC Charge prevented the EEOC and the NYSDHR from receiving adequate notice to investigate discrimination on this basis.   As such, the Court finds that the Plaintiff's claim that he was discriminated against due to his mental disability or perceived mental disability is not reasonably related to the factual allegations contained in the EEOC Charge and therefore must be dismissed as procedurally barred.   Hoffman v. Williamsville School Dist., 443 F. App'x 647, 649 (2d Cir. 2011) (citing Williams v. New York City Housing Authority. 458 F.3d 67, 70 (2d Cir. 2006)) ("An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge."); see also Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993) (superseded on other grounds).

Instructive here is the court's decision in Cavallaro v. Corning Inc., 93 F. Supp. 2d 334 (W.D.N.Y. 2000).  In Cavallaro, the court concluded that the plaintiff's EEOC complaint, which alleged a disability discrimination claim for disparate treatment, could not have been expected to alert the EEOC to any basis for a disparate impact claim where

the "EEOC charge gave no hint of any basis for a disparate impact claim." Id. at 341.

Also instructive is the court's decision in Young v. Lord & Taylro, LLC, 937 F. Supp. 2d

346 (E.D.N.Y. 2013).  In Young, the plaintiff brought claims alleging disability, age,

race, ethnicity and national origin discrimination in violation of the ADA, the Age

Discrimination in Employment Act, Title VII and 42 U.S.C. §§ 1981, 1985 and 1986.  Id.

at 348.  However, in her NYSDHR complaint, she only alleged disability discrimination.

Id. at 353.  Accordingly, the Young court found that the Plaintiff had failed to exhaust her

administrative remedies with respect to her age, race and national origin discrimination

claims because "[t]here [was] nothing in her NYSDHR Complaint that allege[d] age,

race, ethnicity or national origin discrimination, and therefore no reason that those claims

of discrimination would be investigated."  Id.

     Similarly, here, there is nothing in the EEOC Charge that would have given the

EEOC or the NYSDHR reason to investigate disability discrimination related to his

mental disability or perceived mental disability.  As discussed above, the EEOC Charge

does not even mention that the Plaintiff has a mental disability or perceived mental

disability, and therefore, the EEOC and NYSDHR would have no way of knowing that

this was a potential basis for the alleged discriminatory conduct.  Since the EEOC Charge

did not even mention that the Plaintiff had a mental disability or perceived mental

disability, it "could not reasonably have alerted the EEOC [and NYSDHR] to

investigate" discrimination  on this basis.  Cavallaro, 93 F. Supp. at 341.  See also Clarke

v. Roslyn Union School Dist., No. 11–CV–2957 (JFB)(AKT), 2012 WL 2916759 at *5

(E.D.N.Y. July 17, 2012) (finding that the plaintiff had failed to exhaust her

administrative remedies with respect to her ADA claim, because "the claim that

defendant's actions were motivated by discrimination on the basis of disability is not

'reasonably related' to her claims [in her EEOC complaint] that defendant's events and

actions were motivated by discrimination the basis of age or protected status under Title

VII").

   Nevertheless, the Plaintiff attempts to rely on the two witness statements

contained in the NYSDHR Final Investigation and Report to support his contention that

the EEOC, NYSDHR and County Defendants were on notice that the Plaintiff had a

mental disability and that it may be a basis for the alleged discriminatory conduct.

However, the Court finds this argument to be unavailing.  First, as an initial matter, the

Court must reject the Plaintiff's position, because it relies on evidence outside the

pleadings, which is inappropriate for consideration by this Court on a 12(b)(6) motion to

dismiss.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir.2010) ("In

ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to

assess the legal feasibility of the complaint, not to assay the weight of the evidence which

might be offered in support thereof.") (citation and internal question marks omitted);

Hahn v. Rocky Mt. Express Corp., No. 11 Civ. 8512(LTS) (GWG), 2012 WL 2930220,

at *2 (S.D.N.Y. June 16, 2012) ("When deciding a motion to dismiss . . . [e]vidence

outside [the complaint] may be introduced in connection with a motion for summary

judgment; it cannot, however, be considered on review of a 12(b)(6) motion.") (citation

and internal quotation marks and alterations omitted).

   Second, even if the Court were to consider the Plaintiff's evidence, he would still

not prevail.  This is because "'courts will not consider' claims presented in separate

documents [other than the EEOC charge] when determining whether administrative

11

remedies have been exhausted."  Hamzik v. Office for People with Developmental Disabilities, 859 F. Supp. 2d 265, 278 (N.D.N.Y. 2012) (quoting Sussle v. Sirina Prot. Sys. Corp., 269 F. Supp. 2d 285, 315 (S.D.N.Y. 2003)).  As such, "it is the charge . . . that matters" since  "[a] charge of discrimination enables the EEOC to investigate the allegations and negotiate with the employer" and "[o]nly the charge is sent to the employer, and therefore only the charge can affect the process of conciliation." Sussle, 269 F. Supp. 2d at 315.  See also Flemming v. Verizon New York, Inc., 419 F. Supp. 2d 455, 462 (S.D.N.Y. 2005).

Accordingly, the Court dismisses the Plaintiff's ADA causes of actions on the ground that the Plaintiff failed to exhaust his administrative remedies.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion by the County Defendants motion to dismiss the Plaintiff's ADA claims is granted.

**SO ORDERED.**
Dated: Central Islip, New York
November 8, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge